# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT CLARK,<br><br>                  Petitioner,<br><br>v.<br><br>J. GASTELO, WARDEN,<br><br>                  Respondent. | Case No.: 16CV1803-AJB(JMA)<br><br>**ORDER FOR FURTHER BRIEFING AND SUPPLEMENTATION OF THE COURT'S RECORD** |

     Petitioner Brent Clark is a state prisoner, proceeding without counsel, with a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Petitioner challenges his 2004 conviction for kidnapping for robbery, Cal. Pen. Code § 209(b)(1); forcible copulation, Cal. Pen. Code § 288a(c)(2); robbery, Cal. Penal Code § 211; and burglary, Cal. Penal Code § 459. [*Id.*] Respondent has filed a motion to dismiss, arguing the Petition must be dismissed because Petitioner's claims are barred by the one-year statute of limitations. [Doc. No. 10.] On January 17, 2017, Petitioner filed a brief in opposition to the motion to dismiss, contending that his Petition should be considered timely because he is entitled to equitable tolling, and on March 20, 2017, he filed supplemental exhibits in support of his opposition. [Doc. Nos. 15 & 16.] After careful consideration, the undersigned finds Petitioner should be granted the

opportunity to further develop the record before the Court rules on the motion to dismiss.

I.  **Introduction and Procedural Background**

Petitioner's efforts to challenge his conviction commenced with an appeal to the California Court of Appeal, in which he argued the trial court erred by: (1) failing to conduct a fifth hearing on his competency to stand trial; and (2) granting his request for self-representation despite his incompetence. [Lod. No. 1, App. at 2.] The Court of Appeal rejected these claims on the merits and affirmed the judgment on January 25, 2008. [Lod. No. 1, App.] Thereafter, Petitioner petitioned the California Court of Appeal for review of both claims. [Lod. No. 1.] The California Supreme Court denied review on May, 14, 2008. [Lod. No. 2.]

The record indicates Petitioner did not take any further action to challenge his conviction for more than six years, until June 16, 2015, when he filed a motion in the San Diego Superior Court to modify his sentence by striking his restitution fine and reducing it to $200. [Lod. No. 3.] The motion was denied on July 20, 2015. [*Id.*] Petitioner then filed a notice of appeal on August 4, 2015. [Lod. No. 4.] The California Court of Appeal dismissed the appeal on September 3, 2015, finding the Superior Court's order was not appealable because it did not affect Petitioner's substantial rights, and noting the Superior Court lost jurisdiction to resentence Petitioner once the execution of his sentence commenced. [Lod. No. 5.]

On January 21, 2016, Petitioner filed a habeas petition in the Superior Court, claiming (1) his trial and appellate counsel were ineffective in failing to raise and investigate issues relating to sentencing; (2) the trial court abused its discretion in failing to dismiss one or more strike allegations; (3) the trial court should not have permitted him to waive counsel because he was mentally incompetent; and (4) the trial court should not have permitted him to represent himself because of his mental incompetence. [Lod. No. 6.] On March 3, 2016, the

Superior Court found the habeas petition was "procedurally barred for being untimely." [Lod. No. 7, at 3-4.] The court also rejected Petitioner's ineffective assistance of counsel claims as conclusory and ruled Petitioner's sentencing error claim was "fatally flawed" because Petitioner was sentenced as a violent sex offender under California's One Strike law, Cal Pen. Code § 667.61, not as a recidivist under California's Three Strikes law, Cal. Pen. Code § 667(b)-(i). [*Id.* at 3-5.] Finally, the court found Petitioner's competency-related claims were not cognizable on habeas corpus because those claims were raised and rejected on direct appeal. [*Id.* at 5.] The next day, March 4, 2016, the Superior Court denied Petitioner's second motion to modify his sentence by reducing the restitution fine, ruling it did not have jurisdiction to modify the sentence because more than 120 days had passed since sentencing, and that Petitioner waived his right to challenge the restitution fine by failing to object at sentencing. [Lod. No. 8.]

On March 28, 2016, Petitioner filed a notice of appeal in the California Court of Appeal, challenging the Superior Court's denial of his motion to modify his sentence. [Lod. No. 9 at 2.] Two days later, on March 30, 2016, he also filed a notice of appeal of the Superior Court's denial of his habeas petition. [Lod. No. 10.] On April 7, 2016, the Court of Appeal addressed Petitioner's notice of Appeal relating to the habeas petition, construing the filing as a petition for writ of habeas corpus and denying habeas relief. [Lod. No. 11.] The following day, April 8, 2016, the Court of Appeal addressed Petitioner's attempt to appeal the Superior Court's denial of his second motion to modify his sentence, finding the order was not appealable and dismissing the appeal. [Lod. No. 15.]

On April 25, 2016, Petitioner filed a habeas petition in the California Supreme Court, raising the same claims that he raised in the habeas petitions filed in the lower state courts. [Lod. No. 13.] Thereafter, on May 10, 2016, Petitioner also filed a petition for review with the California Supreme Court, raising identical claims. [Lod. No. 14.] The California Supreme Court denied the

petition for review on June 15, 2016, and on June 22, 2016, it denied the habeas petition, without comment or citation to authority. [Lod. Nos. 15 & 16.]

On July 6, 2016, Petitioner constructively filed the present Petition, raising the same claims that he raised in his state habeas petitions.[1]

## II. Discussion

The AEDPA's one-year statute of limitations applies to Petitioner's federal habeas corpus claims. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in *Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

---

[1] *See Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (applying "mailbox rule" which provides for the constructive filing of court documents as of the date they are submitted to prison authorities for mailing to the court).

claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, pursuant to 28 U.S.C. § 2244(d)(1)(A), the conclusion of direct review of Petitioner's conviction occurred on August 12, 2008, ninety (90) days after the California Supreme Court denied Petitioner's petition for review on May 14, 2008. See Rule 13(1), U.S. Sup. Ct. Rules; *Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Accordingly, absent any applicable tolling, Petitioner had until August 13, 2009 to file his federal habeas petition. *Id.*; *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Because Petitioner did not constructively file his federal habeas petition until July 6, 2016, it is untimely unless Petitioner is entitled to statutory or equitable tolling. He contends equitable tolling is warranted based on his mental health status and requests an evidentiary hearing. [Doc. No. 15, p. 5.]

*Equitable Tolling*

The one year statute of limitations for filing a federal habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The diligence required is "reasonable diligence," not "maximum feasible diligence." *See Holland*, 560 U.S. at 653; *see also Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010).

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either

  (a) petitioner was unable to rationally or factually to personally understand the need to timely file, or

  (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

 (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-1100; *see also Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

  A petitioner alleging a severe mental impairment during the filing period is not entitled to an evidentiary hearing unless he or she makes "a good faith allegation that would, if true, entitle him to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) (remanding for consideration of whether the petitioner's delayed filing was "attributable to psychiatric medication which deprived Petitioner of any kind of consciousness" where the petitioner had demonstrated "evidence of serious mental illness" by attaching prison psychiatric and medical records); *Bills*, 628 F.3d at 1099-100 (remanding where the petitioner was in the lowest percentile for verbal IQ, verbal comprehension and working memory, and, according to clinical psychologists, was incapable of inferential thinking necessary to complete a federal habeas form); *see also Orthel*, 795 F.3d at 939-40 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to

6
16CV1803-AJB(JMA)

hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.") (*quoting Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).)

Here, Petitioner alleges he has been under the care of the prison mental health system for a "major mental illness" since November 2004. [Doc. No. 15, pp. 1-2. He reports his diagnosis is Bipolar/Mood Disorder and Major Depression and during this time he has taken Zyprexa 15 mg, Depakote 1500 mg, Buspar 30 mg, Cogentin 2 mg, Lamictal 50 mg, Vistaril 100 mg, and Propranolon 10 mg. [*Id.* at 2.] He states his "mental illness coupled with the medications and there affects" created an "extraordinary circumstance" that made it "physically impossible" for Petitioner to pursue his claims in the judicial system. [*Id.*] He further represents his medications "have changed throughout the years causing at times "additional obstructions" due to side effects that "at times" have been suicidal thoughts and a deeper depression causing crisis bed observations and mental health transfers." [*Id.*] Petitioner's claims are supported by the declaration of Christopher Griffith, a self-described "jailhouse lawyer," who states he believes Petitioner's mental health circumstances prevented him from filing a federal habeas petition. [*Id.* at 6-7.] Petitioner has also provided what appears to be a portion of his declaration, in which he represents his medications have played a "major part" in preventing him from pursuing federal habeas relief.[2] [*Id.* at 8.] Petitioner has provided some medical records to support his assertion. [Doc. No. 15, Exs. A-E and Doc. No. 16, Ex. F.]

/ /

---

[2] The Court's record contains what appears to be only the final page Petitioner's declaration, dated January 11, 2017. Petitioner's declaration, as it appears in the Court's record is one page in length, beginning with paragraph 9, creating the impression that Petitioner may have intended for another page or pages to have preceded it. If Petitioner's declaration, as it currently appears in the record, is incomplete, Petitioner may refile a full and complete version of his declaration, along with the supplemental briefing the Court requests herein.

Although these records indicate Petitioner has a long history of mental illness, the record is sparse with respect to his mental state during the AEDPA limitations period. He indicates his medications have changed over time and his mental condition has fluctuated "at times" as a result, but does not provide any detail as to which specific medication(s) impaired his ability to file his federal habeas petition, how the medication(s) impaired him, or when he took the medication(s).

Nearly all of the records Petitioner has provided relate to his mental health condition before the California Supreme Court denied his first petition for review on May 14, 2008 [See e.g. Doc. No. 15, Exs. A-B and Doc. No. 16, Ex. F] or after he filed his federal habeas petition on July 6, 2016 [See e.g. Doc. No. 15, Ex. E] and, thus, do not provide information regarding the nature and severity of Petitioner's alleged mental impairments during the time period for which Petitioner must establish he is entitled to equitable tolling (May 15, 2008 to July 6, 2016). The only records that shed any light on Petitioner's mental health condition during this relevant time period relate to treatment he received at John D. Klarich Memorial Hospital from August 7 to October 6, 2010 [*Id.*, Ex. C], and from the Vacaville Psychiatric Program from October 7 – December 2, 2010 [*Id.*, Ex. D]. It appears, however, additional mental health records may exist for the relevant time period, as Petitioner represents the exhibits are "only a portion of the record." [*Id.* p. 2.]

Although Petitioner has not met his burden under *Bills*, given the state of the record, further development of the record is needed. *See e.g., Chick v. Chevaz*, 518 Fed. Appx. 567, 569 (9th Cir. 2013) (remanding for further development of the record where the existing record indicated the petitioner had some degree of mental impairment, but did not conclusively indicate the severity during the time period for which equitable tolling was sought.) Petitioner, thus, is

/ /

granted the opportunity to provide additional briefing and evidence in support of his equitable tolling claim.

## III. Conclusion

Based on the foregoing, Petitioner is directed to file a supplemental brief, signed under penalty of perjury, addressing his allegations that his mental health and medications interfered with his ability to pursue federal habeas relief. Petitioner should explain when (start and end dates) he took each medication he contends impaired his ability to file his federal habeas petition, explain what side effect(s) of the medication(s) interfered with his ability to file a federal habeas brief, and identify what period(s) of time he was unable to file his federal habeas petition as a result of these side effects. Petitioner is encouraged to attach any additional medical records he may have in support of his claims, including copies of his prescriptions or progress notes prepared by medical staff. Specifically, Petitioner should submit any documents that would support his claim that (1) he suffered from the effects of a serious mental illness during the AEDPA limitations period; (2) he took medications during this time period, and (3) the medications and related side effects interfered with his thought process so severely that it caused the untimely filing of his federal habeas petition.

Petitioner's supplemental brief and any supporting documentation shall be filed no later than **June 13, 2017**. Respondent shall file a brief in reply to Petitioner's supplemental brief no later than **June 23, 2017**.

Dated: May 23, 2017

Honorable Jan M. Adler
United States Magistrate Judge