UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT CLARK,<br><br>                         Petitioner,<br><br>v.<br><br>J. GASTELO, Warden,<br><br>                         Respondent. | Case No.: 16-cv-1803-AJB-JMA<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**(3) DENYING PETITIONER'S OBJECTIONS; AND**<br><br>**(4) CLOSING THIS CASE**<br><br>(Doc. Nos. 1, 10, 44, 47) |

On February 26, 2018, Magistrate Judge Jan M. Adler filed a Report and Recommendation ("R&R"). (Doc. No. 44.) The R&R recommends that Respondent's motion to dismiss be granted. (*Id*.) On March 19, 2018, Petitioner Brent Clark filed a motion for extension of time to file objections to the R&R, (Doc. No. 45), which was granted on March 21, 2018, (Doc. No. 46). On April 16, 2018, Petitioner filed his

objections. (Doc. No. 47.) As will be explained in greater detail below, the Court **ADOPTS** the R&R in its entirety, **DENIES** Petitioner's objections, and **GRANTS** Respondent's motion to dismiss **WITH PREJUDICE**.

## BACKGROUND

Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges his 2004 conviction for kidnapping for robbery or rape, forcible oral copulation, robbery, and burglary. (Doc. No. 1 at 2.) On October 18, 2004, he was sentenced to twenty-nine years to life. (*Id*. at 1.)

Petitioner then filed an appeal with the California Court of Appeal arguing that the trial court erred by: (1) failing to conduct a fourth competency hearing on his competency to stand trial; and (2) granting his request for self-representation despite his incompetence. (Doc. No. 11-1 at 10.) The Court of Appeal ultimately rejected these claims and affirmed his judgment on January 25, 2008. (*Id*. at 36, 57.) Thereafter, on May 14, 2008, the Supreme Court of California denied Petitioner's request for review. (Doc. No. 11-2.)

More than six years later, on June 16, 2015, Petitioner challenged his conviction by filing a motion in the San Diego Superior Court to modify his sentence by striking his restitution fine and reducing it to $200. (Doc. No. 11-3.) This motion was denied on July 20, 2015. (*Id*.) On August 4, 2015, Petitioner appealed. (Doc. No. 11-4.) However, the California Court of Appeal dismissed the appeal stating that because Petitioner did not appeal the imposition of the restitution fine on appeal, he was barred from subsequently raising such a challenge. (Doc. No. 11-5 at 1.)

At the beginning of the next year, Petitioner filed a habeas petition in the Superior Court of California claiming that (1) his trial and appellate counsel were ineffective in failing to raise and investigate issues relating to sentencing; (2) the trial court abused its discretion in failing to dismiss one or more strike allegations; (3) the trial court should not have permitted him to waive counsel because he was mentally incompetent; and (4) the trial court should not have permitted him to represent himself because of his mental incompetence. (Doc. No. 11-6 at 3–6.) On March 3, 2016, the Superior Court denied the habeas petition stating that Petitioner had not met his burden in stating a prima facie case

for relief and finding that his claims were untimely. (Doc. No. 11-7.) Additionally, the court stated that Petitioner's assertions of ineffective assistance of counsel were unsubstantiated and did not provide a sufficient basis upon which to prove his claims. (*Id.* at 4.)

On March 28 and 30, 2016, Petitioner appealed the superior court's denial of his motion to modify sentence and the denial of the superior court's March 8, 2016 order. (Doc. Nos. 11-9, 11-10.) Thereafter, on April 7, 2016, the Court of Appeal treated Petitioner's filing as a petition for writ of habeas corpus and ultimately denied the petition. (Doc. No. 11-11.) Not long after that, the Court of Appeal analyzed Petitioner's motion requesting modification of his sentence. (Doc. No. 11-12.) However, finding nothing to alter the court's previous holding, the court again dismissed the appeal. (*Id.*)

In a final effort, Petitioner filed a habeas petition in the Supreme Court of California raising the same claims that he raised in the lower court. (Doc. No. 11-13.) Subsequently, Petitioner also filed a petition for review with the Supreme Court of California raising identical claims. (Doc. No. 11-14.) Without any analysis or citation to authority, the Supreme Court denied the petition for review on June 15, 2016, and seven days later denied his writ of habeas corpus. (Doc. Nos. 11-15, 11-16.)

The instant petition was filed with this Court on July 11, 2016. (Doc. No. 1.) On September 27, 2016, Respondent filed its motion to dismiss. (Doc. No. 10.) Petitioner then filed several motions for extensions of time. (Doc. Nos. 13, 18, 22, 24, 29, 39.) All of which were granted. (Doc. Nos. 14, 19, 23, 25, 30, 40.)

## DISCUSSION

The R&R recommends that Petitioner's petition be dismissed with prejudice because it is time-barred. (Doc. No. 44 at 5.) In opposition, Petitioner argues that he is entitled to equitable tolling as he has been suffering from a major mental illness since his trial and continues to suffer from it. (Doc. No. 47 at 2–4.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1).

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In the instant case, the California Supreme Court denied Petitioner's petition for review on direct appeal on May 14, 2008. His judgment then became final ninety days later on August 12, 2008. *See Bowen v. Roe*, 188 F.3d 1157, 1159–60 (9th Cir. 1999); *see also* 28 U.S.C. §§ 2244(d)(1)(A). Consequently, the limitations period began to run on August 13, 2008, and expired one year later on August 13, 2009. Thus, absent any statutory or equitable tolling, Petitioner's petition was filed nearly seven years too late.

A.  Equitable Tolling[1]

The Ninth Circuit has held that the one-year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003) (citation omitted), *opinion withdrawn on other grounds by* 404 F.3d 1118 (9th Cir. 2005). Equitable tolling is justified in few cases as "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Petitioner

---

[1] Petitioner does not object to the R&R's conclusion that he is not entitled to statutory tolling. (*See generally* Doc. No. 47.) Thus, this Order will focus only on Petitioner's arguments in support of equitable tolling.

4

"bears the burden of showing that this extraordinary exclusion should apply to him." *Id.* at 1065. Determining whether equitable tolling is justified is a "fact-specific inquiry." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

The standard for equitable tolling based on mental impairment is a two-step test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). These factors illuminate the stringency of the overall equitable tolling test: "the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner <u>must still demonstrate diligence</u>." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (emphasis added).

Presently, Petitioner's objections fail to illustrate both diligence and severe mental impairment to justify equitable tolling. Petitioner claims that the medical record before the Court demonstrates that he has been suffering from a "major mental illness before, and during trial, which has extended to date." (Doc. No. 47 at 2.) Further, to demonstrate that diligence in filing a petition would have been impossible, Petitioner makes several argumentative claims. For instance, Petitioner states "at what point during a continuing treatment of major mental illness does a Petitioner become competent to prepare and file legal material when the medical record does not indicate that the Petitioner has a legal understanding?" (*Id.*) Additionally, he argues that it is nonsensical to believe that he could prepare or file legal work on his own behalf when he was undergoing "continuous on-going treatment for major mental illness[.]" (*Id.* at 3.) Furthermore, Petitioner claims that the

5

R&R ignores the side effects he suffered due to the various medications he was prescribed. (*Id.*)

Regrettably, Petitioner's minimal arguments regarding a mental impairment do not demonstrate that this "extraordinary exclusion" should apply to him. *McAlpin v. McDonald*, No. C 12-6015 WHA (PR), 2013 WL 6325905, at *6 (N.D. Cal. Dec. 4, 2013) (highlighting that the petitioner bears the burden of demonstrating that equitable tolling is warranted). Specifically, Petitioner does not meet the two-part test delineated *supra* p. 5. In fact, as the Court will illustrate below, Petitioner has not even established through the record that he has satisfied the first step—that the mental impairment was so severe that he could not understand the need to timely file or that he was unable to personally prepare his habeas petition.

The Court notes that even the day before the limitations period began to run, Petitioner was fully alert, fully oriented, and had fair insight. (Doc. No. 41-38 at 19–20.) Further, on October 10, 2008, Petitioner denied any current overt psychological distress or stressors. (Doc. No. 41-37 at 39.) This is not to say that the Court does not believe that Petitioner suffered from major mental health issues during this time. The record proves that on November 14, 2008, three months after the limitations period began, Petitioner experienced a major mental health crisis. (*Id.* at 29.) On this day, Petitioner was referred to a crisis bed and assigned a GAF score of 29.[2] (*Id.* at 29–30.) However, on November 20, 2008, Petitioner was assigned a GAF score of 45 and was discharged. (*Id.* at 28.)

---

[2] GAF scores reflect a clinician's "rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998). A GAF score in the 21–30 range indicates behavior is considerably influenced by delusions or hallucinations or serious impairment in communication or judgment or inability to function in almost all areas. Am. Psychiatric Ass'n Diagnostic and Statistical Manual of Mental Disorders (Michael B. First ed., 4th ed. 2000) ("DSM") at 32. A GAF score in the 41–50 range indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job, cannot work). *Id.* at 34.

As to the remainder of the statute of limitations period, the record illustrates that Petitioner's mental health remained strong in December of 2008 and he was observed as "quite stable." (*Id*. at 21.) Most notably, on December 24, 2008, Petitioner expressed concern that his V.A. benefits may be cancelled and that he was in the process of figuring out the situation. (*Id*. at 19.) Petitioner's mental health continued to remain stable through January 2009, with the clinician progress notes stating that his memory and thought processes were within normal limits. (*Id*. at 4–12.) Fast forward to August of 2009, Petitioner was noted as stable, had clear and linear thinking, and presented himself as both bright and cheerful. (Doc. No. 41-35 at 9.)

In sum, despite being provided an extension of time to file his objections, the record reveals that during the limitations period, Petitioner was not so mentally impaired that he could not timely file or personally prepare his habeas petition. Moreover, even construing Petitioner's petition liberally, he has not made "a good-faith allegation that would, if true, entitle him to equitable tolling[.]" *Laws v. Lamarque*, 351 F.3d 919, 920 (9th Cir. 2003). In light of these circumstances, Petitioner has failed to show the extraordinary circumstances beyond his control necessary to establish equitable tolling. Because equitable tolling does not apply, Petitioner's federal petition is untimely.

## CONCLUSION

For all the reasons explained more fully above, the Court hereby: (1) **ADOPTS** Magistrate Judge Jan M. Adler's R&R in its entirety; (2) **OVERRULES** Petitioner's objections; (3) **GRANTS** Respondent's motion to dismiss **WITH PREJUDICE**; and (4) **DISMISSES** the Petition.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas proceeding. *See id.* A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been

7

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Thus, finding that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims, the Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: April 27, 2018

Hon. Anthony J. Battaglia
United States District Judge